IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| HENRY MARTENO ROSS,<br>    Plaintiff,<br><br>v.<br><br>CHAMPAIGN COMMUNITY UNIT<br>SCHOOL DISTRICT #4,<br>    Defendant. | Case No. 16-cv-2074-JES-JEH |

**Order**

The matter before the Court is the Defendant's [36] Motion for Protective Order to prevent the deposition of Robin McClain, and the Plaintiff's response thereto.[1] This Court held a hearing on the Defendant's motion on May 22, 2017. For the reasons set forth below, the motion is MOOT in part and DENIED in part.

**I**
**A**

Plaintiff filed his Complaint against the Defendant on March 24, 2016, alleging that the Defendant retaliated against him for filing a Charge of Discrimination with the Illinois Department of Human Rights ("IDHR") in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), specifically 29 U.S.C. § 621, Title VII of the Civil Rights Act of 1964 ("Title VII"), specifically 42 U.S.C. § 2000e, and 42 U.S.C. § 1983.[2] The Defendant employed the Plaintiff as a Truancy Interventionist Student Advocate

---

[1] The Plaintiff proceeding pro se filed a Motion in Opposition as his response on May 30, 2017. Although the Defendant originally sought to prevent the depositions of two additional individuals, the Plaintiff has since abandoned his request to depose them. The Defendant's motion as it relates to those two individuals is therefore MOOT.

[2] The Defendant filed a Partial Motion to Dismiss on June 8, 2016. This Court granted the motion on October 24, 2016, thereby dismissing Plaintiff's claims under the ADEA, Title VII, and 42 U.S.C. § 1983. Only the Plaintiff's three discrete retaliation claims, listed in his original complaint, are still active.

("TISA") from 2009 to 2014, until the Defendant eliminated all TISA employees. The Defendant invited the Plaintiff to accept a different TISA position through a proprietary recall letter on August 5, 2014. The Plaintiff accepted and submitted his TISA recall letter on August 18th. The Defendant did not recall the Plaintiff to a TISA position, but instead demoted the Plaintiff to a teacher's aide position. The Defendant asserts that the Plaintiff was not recalled as a TISA because he submitted his letter in an untimely manner. The Defendant thereafter invited the Plaintiff to apply for a public TISA position posting on August 20, 2014, which the Plaintiff did. The Plaintiff also applied for a hall monitor position on August 20, 2014. The Defendant did not hire the Plaintiff as a TISA or hall monitor. The Plaintiff alleges that he did not receive any of these positions due to retaliation by the Defendant for his filing of an IDHR Complaint of Discrimination in 2011.

The Defendant filed a motion for protective order to prevent the deposition of Robin McClain on May 15, 2017. Robin McClain supervised TISA employees at the Defendant school district, including the Plaintiff, from 2007 to 2012. She also worked for the Defendant in August 2014, but did not supervise TISA employees at that time. While a TISA supervisor, McClain administered the Truants' Alternative and Optional Education Program ("TAEOP") grant, which funded some TISA employees. However, McClain had not done so since 2012.

## B

The Defendant argues that Robin McClain's knowledge of the Plaintiff's performance as a TISA is irrelevant to the Plaintiff's retaliation claims and that the discovery of this knowledge is not proportional to the needs of the case at hand. The Defendant asserts that the Plaintiff's position was not eliminated due to his performance, but was reduced along with all other TISA positions. Likewise, the Defendant contends that McClain's knowledge of the TAEOP grant is not relevant to the Plaintiff's retaliation claims.

The Plaintiff maintains that Robin McClain's knowledge of his employment performance is relevant to his retaliation claim. The Plaintiff alleges that McClain was his

2

TISA supervisor from 2008-2012, including at the time he filed his IDHR complaint in 2011. The Plaintiff asserts that the Defendant's decision not hire him for a publicly posted TISA position for which he was qualified was retaliatory and that McClain's knowledge of his performance is pertinent to this claim. The Plaintiff also argues that McClain's experience administrating the TAEOP grant is relevant to his retaliation claim. The Plaintiff contends that although he was considered a district funded employee in 2014, the Defendant paid him partially with TAEOP grant funds. The Plaintiff alleges that recall letters sent to district funded employees do not have to be submitted in a specific timespan and that the Defendant therefore inappropriately regarded his acceptance as untimely. Plaintiff asserts that McClain informed him he would change from being a TAEOP funded employee to a district funded employee and that she has relevant knowledge about TISA employee procedures.

## II
### A

Parties may seek discovery "that is relevant to any party's claim or defense and proportional to the needs of the case…" Fed. R. Civ. P. 12(b)(1). Considering the proportionality of discovery requires evaluating the importance of the issues of the action, how important the discovery is to resolving the issues, and whether the burdens of the discovery outweigh its likely benefit. *Id.*

### B

The Plaintiff asserts that the Defendant passed over him for a publicly posted TISA position as retaliation for him submitting an IDHR complaint in 2011. The Defendant maintains it didn't retaliate against the Plaintiff, and it hired someone more qualified than the Plaintiff. Given the Defendant's defense, the Plaintiff's qualifications and prior performance are at issue in the case. Robin McClain supervised Plaintiff during a significant portion of the time the Defendant employed him as a TISA and at the time he made his IDHR complaint. McClain's knowledge is therefore relevant.

The Plaintiff also asserts that the Defendant incorrectly treated his acceptance of a TISA position as untimely submitted because he was not subject to a submission timeframe as a district funded employee. The Defendant maintains the Plaintiff

3

submitted his recall letter in an untimely fashion. McClain administered the TAEOP grant while employed as a TISA supervisor. She likely has knowledge of the distinctions between grant funded and district funded TISA employees and the procedures both must follow. McClain's knowledge of the TAEOP grant and TISA positions is therefore relevant to this issue.

### III

For the reasons stated above, the Defendant's motion [36] is MOOT in part and DENIED in part. The schedule for discovery is extended solely for the purpose of deposing Robin McClain on or before July 3, 2017. The Plaintiff's [38] Motion in Opposition is MOOT in light of the Court's ruling.

*It is so ordered.*

Entered on June 1, 2017

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE